UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| BANK OF AMERICA, N.A., *et al.*,<br><br>                         Plaintiffs,<br>         v.<br><br>HUFFAKER HILLS UNIT NO. 2<br>RESIDENCE ASSOCIATION, *et al.*,<br><br>                         Defendants. | Case No. 3:15-cv-00502-MMD-WGC<br><br>ORDER |
| NADINA BEVERLY, TRUSTEE FOR<br>THE BEVERLY-BLAIR TRUST NO.<br>7,<br><br>                         Counterclaimant,<br>         v.<br><br>BANK OF AMERICA, N.A.; *et al.*,<br><br>                         Counter-Defendants, | |

## I.    SUMMARY

This dispute arises from a homeowners' association foreclosure sale. Before the Court is Plaintiffs Bank of America, N.A. ("BANA"), Federal Housing Finance Agency ("FHFA"), and Federal National Mortgage Association's ("Fannie Mae") motion for summary judgment ("Motion") seeking a declaration that the foreclosure sale did not extinguish Fannie Mae's interest in the property at issue on the basis of the federal

foreclosure bar (ECF No. 60).[1] Because the Court finds that the federal foreclosure bar applies here, the Court will grant the Motion.

## II.    BACKGROUND

### A. The Loan and the HOA Sale

On or about July 15, 2005, Brett R. Gundle and Julie R. Gundle ("Borrowers") obtained a loan (the "Loan") from Quicken Loans, Inc. ("Lender") for $184,000. (ECF No. 60 at 5.) The Loan was secured by a deed of trust ("DOT") recorded against Borrowers' property located at 7501 Bluestone Drive, Reno, Nevada ("the Property"). (*Id.*) Mortgage Electronic Registration Systems, Inc. ("MERS") was the nominee beneficiary on the DOT. (*Id.*)

In September 2005, Fannie Mae purchased the Loan and acquired ownership of the DOT. (*Id.* at 6.) The DOT was assigned to BANA on December 13, 2012. (*Id.*) BANA continues to service the loan for Fannie Mae. (*Id.*)

After Borrowers failed to make any payments to the HOA, the lawyer for the HOA recorded a notice of delinquent assessment on March 9, 2010, followed by a Notice of Default and Election to Sell, and a Notice of Foreclosure Sale against the Property. (*Id.* at 7.) On October 4, 2010, the HOA foreclosed on the Property, and purchased the Property for $2,526.51 (the "HOA Sale"). (*Id.*) On January 4, 2011, a grant bargain sale deed transferring title from the HOA to Beverly was recorded in the Washoe County recorder's office. (*Id.*)

Plaintiffs assert a claim for declaratory judgment against all Defendants, and two claims for quiet title and injunctive relief against Beverly. (ECF No. 1.) Beverly asserted counterclaims for quiet title and her attorneys' fees. (ECF No. 11.)

///

///

---

[1]Defendant Nadina Beverly, Trustee for the Beverly-Blair Trust No. 7 ("Beverly") filed a response (ECF No. 68), as did Defendant Huffaker Hill Unit No. 2 Residence Association ("the HOA") (ECF No. 69). Plaintiffs filed a reply (ECF No. 70).

## B. Summary Judgment Proceedings

The Court stayed this case pending the Ninth Circuit's issuance of the mandate in *Bourne Valley Court Trust v. Wells Fargo Bank* on August 23, 2016. (ECF No. 30.) The Court then lifted that stay on January 19, 2017. (ECF No. 36.)

Plaintiffs filed a motion for summary judgment ("First MSJ"). (ECF No. 42; *see also* ECF Nos. 45, 46, 47 (responses and reply).) In response, Beverly argued in relevant part that "any arguments based on Exhibits B, D, H and I to Plaintiff's Motion for Summary Judgment [ECF No. 42-1 and 42-2] should be stricken and disregarded pursuant to Fed. R. Civ. P. Rule 37(c) for the reason that Plaintiffs have not previously disclosed those documents or the identity of the witness identified therein to Beverly, as required by Fed. R. Civ. P. Rule 26(a)(1)." (ECF No. 45 at 2.) Regarding these exhibits to their First MSJ, Plaintiffs conceded that they failed to disclose the information they included and their corresponding authenticating witnesses during discovery, stating that it was "an oversight" because "when the case was released from its stay in January 2017, Plaintiffs mistakenly believed that these initial disclosures had already been served prior to the stay." (ECF No. 47 at 7.)

In light of Plaintiffs' concession, the Court held a hearing on Plaintiff's First MSJ on August 30, 2018 (the "Hearing"). (ECF No. 55.) At the Hearing, the Court denied the First MSJ without prejudice and gave Beverly more time to conduct discovery regarding Fannie Mae's interest in the Property. (*Id.*) Upon conclusion of that additional discovery period, Plaintiffs filed the Motion with the Court's leave. (ECF No. 60; *see also* ECF Nos. 58, 59 (requesting and granting leave to Plaintiffs to file a renewed motion for summary judgment.)

## III.  LEGAL STANDARD

"The purpose of summary judgment is to avoid unnecessary trials when there is no dispute as to the facts before the court." *Nw. Motorcycle Ass'n v. U.S. Dep't of Agric.*, 18 F.3d 1468, 1471 (9th Cir. 1994). Summary judgment is appropriate when the pleadings, the discovery and disclosure materials on file, and any affidavits "show that

there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). An issue is "genuine" if there is a sufficient evidentiary basis on which a reasonable fact-finder could find for the nonmoving party and a dispute is "material" if it could affect the outcome of the suit under the governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Where reasonable minds could differ on the material facts at issue, however, summary judgment is not appropriate. *See id.* at 250-51. "The amount of evidence necessary to raise a genuine issue of material fact is enough 'to require a jury or judge to resolve the parties' differing versions of the truth at trial.'" *Aydin Corp. v. Loral Corp.*, 718 F.2d 897, 902 (9th Cir. 1983) (*quoting First Nat'l Bank v. Cities Serv. Co.*, 391 U.S. 253, 288-89 (1968)). In evaluating a summary judgment motion, a court views all facts and draws all inferences in the light most favorable to the nonmoving party. *See Kaiser Cement Corp. v. Fishbach & Moore, Inc.*, 793 F.2d 1100, 1103 (9th Cir. 1986).

The moving party bears the burden of showing that there are no genuine issues of material fact. *See Zoslaw v. MCA Distrib. Corp.*, 693 F.2d 870, 883 (9th Cir. 1982). Once the moving party satisfies Rule 56's requirements, the burden shifts to the party resisting the motion to "set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 256. The nonmoving party "may not rely on denials in the pleadings but must produce specific evidence, through affidavits or admissible discovery material, to show that the dispute exists," *Bhan v. NME Hosps., Inc.*, 929 F.2d 1404, 1409 (9th Cir. 1991), and "must do more than simply show that there is some metaphysical doubt as to the material facts." *Orr v. Bank of Am., NT & SA*, 285 F.3d 764, 783 (9th Cir. 2002) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient." *Anderson*, 477 U.S. at 252.

## IV. DISCUSSION

Plaintiffs' Motion is entirely premised on the federal foreclosure bar (12 U.S.C. § 4617(j)(3)), which prevents nonconsensual extinguishment of Fannie Mae's assets.

4

(ECF No. 60 at 2.) Thus, Plaintiffs argue, the HOA Sale did not extinguish Fannie Mae's DOT. (*Id.*) Beverly responds with several arguments to the effect that the Court should not apply the federal foreclosure bar and should find that the HOA Sale extinguished the DOT. (ECF No. 68.) In its response, the HOA says merely that it complied with applicable law in conducting the HOA Sale, and it has no further interest in the Property because it sold whatever interest it purchased at the HOA Sale to Beverly. (ECF No. 69.) The Court addresses the applicability of the federal foreclosure bar below after first addressing Plaintiffs' request for judicial notice in their Motion.

### A. Judicial Notice

Plaintiffs request that the Court take judicial notice of certain documents. First, they ask that the Court take judicial notice of publicly recorded instruments cited in their statement of undisputed facts. (ECF No. 60 at 8.) Beverly does not dispute the authenticity of these publicly recorded documents. The Court therefore will take judicial notice of these documents. *See Harris v. Cty. of Orange*, 682 F.3d 1126, 1132 (9th Cir. 2012) ("We may take judicial notice of undisputed matters of public record[.]").

Plaintiffs next request that the Court take judicial notice of the FHFA Statement regarding FHFA's policy not to consent to the extinguishment of property owned by Fannie Mae (Exhibit I) because it is available on a federal government website that is not subject to reasonable dispute. (ECF No. 60 at 8.) Beverly does not appear to contest Plaintiffs' request for judicial notice as to the FHFA Statement. (ECF No. 68.) A court may take judicial notice of a fact "not subject to reasonable dispute in that it is . . . capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201. Here, Beverly does not dispute the authenticity of this document, that it is available on FHFA's webpage,[2] or that this is not FHFA's policy, and the Complaint's first cause of action is based in part on FHFA's

---

[2]In fact, the Court accessed this document on March 15, 2019, at https://www.fhfa.gov/Media/PublicAffairs/Pages/Statement-on-HOA-Super-Priority-Lien-Foreclosures.aspx.

statutory authority (as the Conservator for Fannie Mae) to refuse to consent to the extinguishment of its property. (See ECF No. 1 at 7-8.) The Court therefore takes judicial notice of the policy statement and considers it in ruling on the Motion. *See Bank of Am., N.A. v. Carson Ranch E. Homeowners Ass'n*, No. 2:16-cv-02192-MMD-CWH, 2019 WL 425116, at *1 (D. Nev. Feb. 4, 2019) (finding that FHFA did not consent to the extinguishment of a deed of trust based on this policy statement and citing other cases finding the same thing).

Finally, Plaintiffs request that the Court take judicial notice "of the fact that Fannie Mae was placed under FHFA's conservatorship in 2008" because it is a "matter of common knowledge and readily determined from sources whose accuracy cannot reasonably be questioned." (ECF No. 60 at 8.) The Court agrees, and takes judicial notice of the fact that Fannie Mae was under FHFA's conservatorship at the time of the HOA Sale. *See Bank of Am., N.A.*, 2019 WL 425116 at *1 (finding that FHFA was the conservator of Fannie Mae at the time of the HOA Sale in that case).

**B. Federal Foreclosure Bar**

The federal foreclosure bar prohibits nonconsensual foreclosure of FHFA assets. *See Berezovsky v. Moniz*, 869 F.3d 923, 925 (9th Cir. 2017). As a result, the federal foreclosure bar generally protects Fannie Mae's property interests from extinguishment if Fannie Mae was under FHFA's conservatorship, possessed an enforceable property interest at the time of the HOA Sale, and did not consent to such extinguishment. *See id.* at 933.

Here, it is undisputed that Fannie Mae was placed into conservatorship under FHFA in September 2008 and did not consent to the HOA Sale extinguishing or foreclosing Fannie Mae's interest in the Property. (ECF Nos. 60 at 5, 60-2 at 86.) Fannie Mae acquired an enforceable property interest in the Property in September 2005, and continued to hold that interest at the time of the HOA Sale on October 4, 2010. (ECF No.

60-1 at 27-28.) This is sufficiently demonstrated by Fannie Mae's business records.[3] *See Bank of Am., N.A.*, 2019 WL 425116 at *2 (citing *Moniz*, 869 F.3d at 932 n.8).

The Court therefore finds that the federal foreclosure bar protected Fannie Mae's DOT from extinguishment given that Fannie Mae held an enforceable interest in the Property at the time of the HOA Sale, was under the conservatorship of FHFA at the time of the HOA Sale, and did not consent to the HOA Sale extinguishing or foreclosing Fannie Mae's interest in the Property. Accordingly, the HOA Sale did not extinguish Fannie Mae's interest in the Property, and the DOT continues to encumber the Property.[4] *See Bank of Am., N.A.*, 2019 WL 425116 at *2-*3 (reaching the same result on similar facts); *see also Springland Vill. Homeowners Ass'n v. Pearman*, Case No. 3:16-cv-00423-MMD-WGC, 2018 WL 357853, at *2 (D. Nev. Jan. 10, 2018) (same).

///

///

_____

[3]*JPMorgan Chase Bank, N.A. v. SFR Inves. Pool 1, LLC*, Case No. 70423, Doc. No. 19-02831 (Nev. Jan. 17, 2019) (unpublished, petition for rehearing filed), http://caseinfo.nvsupremecourt.us/public/caseView.do?csIID=38639 ("*JPMorgan*"), which neither party has cited in the briefing currently before the Court, does not change the Court's decision here. In *JPMorgan*, the Nevada Supreme Court merely held the district court did not abuse its discretion in declining to admit a declaration submitted by the plaintiff in support of its motion for summary judgment. Further, in *JPMorgan*, the declarant worked for Chase, who did not acquire servicing rights to the loan until 2008, and that declarant attempted to rely on Chase business records to establish that Freddie Mac acquired the loan in 2005. Here, the declarant works for Fannie Mae (ECF No. 60-1 at 27), who acquired the Loan in 2005. Thus, the authentication and accuracy concerns that appeared to motivate the district court in *JPMorgan* are not present here.

[4]Beverly makes several arguments based on *Ralls Corp. v. CFIUS*, 758 F.3d 296 (D.C. Cir. 2014) (ECF No. 68 at 10-15), which the Ninth Circuit has already rejected. *See Home Loan Mortg. Corp. v. SFR Investments Pool 1, LLC*, 893 F.3d 1136, 1148 n.5 (9th Cir. 2018). Beverly further argues the HOA Sale should be set aside under *Shadow Wood HOA v. N.Y. Cmty. Bancorp, Inc.*, 366 P.3d 1105 (Nev. 2016) because she took title to the Property subject to Fannie Mae's "undisclosed interest." (ECF No. 68 at 17-19.) The Court also rejects this argument, which is basically an argument that Beverly was a bona fide purchaser. See *Nevada Sandcastles, LLC v. Nationstar Mortg., LLC*, Case No. 2:16-cv-01146-MMD-NJK, 2019 WL 427327, at *3 (D. Nev. Feb. 4, 2019) (rejecting a bona fide purchaser argument because the federal foreclosure bar preempts Nevada's bona fide purchaser statute). In addition, Beverly argues that the federal foreclosure bar may be unconstitutional because a petition for writ of certiorari was docketed in *Home Loan Mortg. Corp.*, 893 F.3d 1136. (ECF No. 68 at 19-21.) The Court is not persuaded by this argument. As of the date of entry of this order, the federal foreclosure bar has not been found unconstitutional by the Supreme Court.

## V. CONCLUSION

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of Plaintiffs' Motion.

It is therefore ordered that Plaintiffs' Motion for Summary Judgment (ECF No. 60) is granted on its first claim for declaratory relief and second claim for quiet title. The Court finds that the HOA Sale did not extinguish Fannie Mae's interest in the Property and the DOT continues to encumber the Property. Plaintiffs' third claim for injunctive relief is dismissed as moot. The Court's ruling necessarily results in summary judgment in favor of Plaintiff on Beverly's counterclaim for quiet title. Beverly's counterclaim for attorneys' fees is dismissed as moot.

The Clerk of Court is instructed to enter judgment in Plaintiff's favor in accordance with this order and close this case.

DATED THIS 19th day of March 2018.

_____
MIRANDA DU
UNITED STATES DISTRICT JUDGE